UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARIO JAVIER CEDENO-GONZALEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:25-cv-00473-JPH-MJD |
| | ) |
| KRISTI NOEM, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER**

On September 24, 2025, Mario Cedeno-Gonzalez filed a petition for a writ of habeas corpus and an emergency motion for temporary restraining order, arguing that his continued detention by Immigration and Customs Enforcement ("ICE") is unlawful because, among other things, it is "indefinite" in violation of his due process rights. Dkt. 1 at 2, 14; dkt. 2. Respondents argue that Mr. Cedeno-Gonzalez's continued detention is lawful because he has only been held since August 29, 2025. Dkt. 16 at 1, 9. Much of Respondents' brief focuses on Mr. Cedeno-Gonzalez's forthcoming removal to a third county, *id.* at 3–8, an issue that Respondents state "cannot be brought in a habeas petition," *id.* at 9. Meanwhile, Respondents only briefly address the legality of Mr. Cedeno-Gonzalez's continued detention, *id.* at 8–9, an issue clearly presented by the petition and undisputedly within the Court's jurisdiction.

Strikingly, Respondents' brief does not discuss or even mention this Court's order in *Asghar v. Swearingen*, No. 2:25-cv-306-JRS-MJD (S.D. Ind. Aug. 22, 2025). There, the Court found that the statutory 90-day "removal

1

period" under 8 U.S.C. § 1231(a)(1)(A) and the six-month "presumptively reasonable period of detention"—recognized by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) in the context of the Attorney General's discretionary authority to detain aliens with final removal orders under 8 U.S.C. § 1231(a)(6)—began to run at the same time. *Asghar*, No. 2:25-cv-306, dkt. 18 at 7–8. The Court further held that the "six-month reasonableness clock" began to run "when the government gains authority to remove an alien rather than when the government eventually detains the alien." *Id.* at 8. So, in *Asghar*, that meant the six-month period of presumptively reasonable detention began to run when Mr. Asghar's removal order became administratively final and expired some three years before he was arrested in June 2025 and detained. *Id.* at 9–10.

To facilitate the Court's consideration of Mr. Cedeno-Gonzalez's petition and motion for TRO, Respondents are ordered to file a Supplemental Return **by 5:00 p.m. on October 6, 2025**. The Supplemental Return must address this Court's order in *Asghar* and its reliance on *Hussain v. Mukasey*, 510 F.3d 739 (7th Cir. 2007) (*Hussain I*) and *Hussain v. Mukasey*, 518 F.3d 534 (7th Cir. 2008) (*Hussain II*). The Supplemental Return must specifically address (1) whether *Asghar* applies here and (2) *when* the clock on the 90-day removal period and six-month "presumptively reasonable" detention period started running for Mr. Cedeno-Gonzalez. The answer to these questions is essential to the Court's resolution of Mr. Cedeno-Gonzalez's petition and motion for TRO—if the clock began running when Mr. Cedeno-Gonzalez's order of removal became

2

administratively final, then both periods expired long ago, and Mr. Cedeno-Gonzalez's continued detention is no longer presumptively reasonable.

**SO ORDERED.**

Date: 10/2/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel